IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA GLADDEN, | § | |
| | § | No. 222,2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. I.D. No. 1711001035 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 20, 2020
Decided: July 31, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On July 6, 2020, the appellant, Joshua Gladden, filed a notice of appeal from two Superior Court orders related to his pending motion for postconviction relief: the court's order denying his motion for appointment of counsel and the court's order denying his motion for transcripts. The Senior Court Clerk issued a notice directing Gladden to show cause why this appeal should not be dismissed because this Court lacks jurisdiction to entertain a criminal interlocutory appeal.

(2) Gladden filed a response to the notice to show cause on July 20, 2020. Gladden's response asserts that he is entitled to the appointment of counsel and the transcripts of proceedings below; however, it does not address the jurisdictional issue raised in the notice to show cause.

(3) It is clear from Gladden's notice of appeal, his response to the notice to show cause, and the relevant documents from the Superior Court record that the Superior Court's May 22, 2020 decisions were interlocutory orders. This Court has no jurisdiction to review interlocutory rulings in criminal cases.[1] The Superior Court's order denying Gladden's motion for appointment of counsel is not appealable as a collateral order before the entry of a final order on his motion for postconviction relief.[2] The Superior Court's order denying Gladden's motion for transcripts is also not appealable as a collateral order before the entry of a final order on his motion for postconviction relief.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b); *Gannett Co., Inc. v. State*, 565 A.2d 895, 899 (Del. 1989).
[2] *Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013).
[3] *Womer v. State*, 1991 WL 316971, at *1 (Del. Dec. 30, 1991).